# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER KEITH STANLEY** | : | **DOCKET NO. 17-cv-304** |
| **REG. # 06407-017** | | **SECTION P** |
| | | |
| **VERSUS** | : | **UNASSIGNED JUDGE** |
| | | |
| | | |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Christopher Keith Stanley ("Stanley"). Stanley is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.
### BACKGROUND

Published documentation shows that the United States District Court for the Northern District of Florida (Pensacola Division) issued an application for a writ of *habeas corpus ad prosequendum* on or about May 6, 2006, noting that Stanley was in the custody of the Warden of Escambia County Jail, in Pensacola, Florida, and that he was set for a first appearance in the Northern District of Florida on May 8, 2006. *United States v. Stanley*, 3:06-cr-44 (N.D. Fla.), doc. 5. The writ application, which was granted the same day it was filed, instructed the United States

Marshal to retrieve Stanley from Escambia County Jail and to deliver him to the Northern District for the first appearance. *Id.* at doc. 5 and unnumbered docket entry immediately thereafter. It also directed the Marshal,  "upon completion of the case[,] to return the defendant to the custody of the official in charge of the said defendant." *Id.*

On May 19, 2006, Stanley pleaded guilty in the Northern District of Florida to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. *Stanley*, 3:06-cr-44, docs. 25, 26.  He was sentenced by that court on September 27, 2006, to a 240 month term of imprisonment. *Id.* at docs. 60, 62.  The judgment was silent regarding any relation with a forthcoming action in state court. *Id.* He did not file an appeal. Doc. 1, p. 2. Stanley states that he was then returned to the custody of the state of Florida, where he was later sentenced. *Id.* at 6.

On May 7, 2015, the Bureau of Prisons received a jail credit review inquiry stating, "Please see attached cop-out.[1] Will you please respond again and verify that his jail credit is correct or if he should receive additional jail credit." *Stanley*, 3:06-cr-44, doc. 83, p. 7. The BOP's response, from a Classification & Sentence Computation Technician, stated:

> Per the J & C the judge did not order jail credit as mention[ed] by the inmate. Inmate was on WRIT from the state beginning on 05-08-06 & was return[ed] to the state on 10-19-06. Inmate was sentenced on 09-27-06; however, the sentence was silent making the federal sentence consecutive to the state sentence. The date of comp began on 09-05-14 when inmate's state sentence ended & when he was back in federal custody. Inmate is not eligible for the credit he is seeking.

*Id.*

On September 2, 2015, Stanley filed an "Order Requesting Court to Clarify Judgment" in the Northern District of Florida. *Id.* at pp. 1–2. Therein, Stanley stated:

> The BOP has taken it upon itself to speak for the Court saying in an email responding back to Computation Coordinator here at the prison, 'however, the sentence was silent making the federal sentence consecutive to the state

---

[1] A cop-out is also known as an Inmate Request to Staff.

> sentence'. See exhibit (B). This Court never stated that the federal sentence that was imposed first, should run consecutive to the impending state sentence. . . .
>
> . . . . For the BOP to assume that the Court that imposed the sentence meant for it to be consecutive to any possible future sentence is totally out of bounds. The Petitioner humbly requests that this Honorable Court issue an order granting all time that has been served by Petitioner on this sentence be credited to him.

*Id.* at 2.

On September 24, 2015, the Northern District Court granted Stanley's request to clarify the judgment. *Id.* at doc. 84. In so doing, Judge Collier, the federal court sentencing judge, stated:

> At sentencing (doc. 62), this Court could not and would not and did not make the sentence concurrent with some unknown future state sentence for some unknown offenses that preceded by several years and had no known relationship to the federal charges. That determination was left to the state judge, who with full knowledge and understanding of the state charges and their relationship, if any, to the federal offenses, would decide if the state sentence should run concurrent or not with the existing federal sentence. This Court notes that as a rule, a sentence, any sentence, always runs consecutive to a sentence that has already been imposed unless the sentencing court makes it concurrent; that was not done in this case.

*Id.*

On December 6, 2016, Stanley filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming that his federal sentence was being unlawfully executed as he was entitled to credit on his federal sentence for time served in state court prior to the commencement of his federal sentence. *Id.* at doc. 91. Finding that a petition under 28 U.S.C. § 2241 rather than a § 2255 motion was the proper vehicle for Stanley's claims, the sentencing court dismissed his motion. *Id.* at doc. 92.

In the present suit Stanley again complains that his federal sentence is not being computed as running concurrently with his state sentence and claims, "[a]ccording to 18 U.S.C. § 3585(b), Petitioner is eligible to receive the time credited to his sentence because there was no sentence [in

which] the federal judge had to decide if he wanted the federal sentence to run concurrent or consecutive to." Doc. 1, p. 6. He further states, "[t]he federal sentence was imposed first. After Petitioner was returned to state's custody, then the state sentenced him. Petitioner's sentence should have started on [the] date that it was imposed." *Id.* at 4. He contends that Judge Collier's order clarifying the judgment supports his arguments. *Id.* at 6.

As relief, Stanley asks this court to order the BOP "to honor the Order of the sentencing Court and apply all time served since the date of sentencing, September 27, 2006, to the 240 month federal term of imprisonment." *Id.* at 7.

## II.
### LAW AND ANALYSIS

Stanley's claims rest on the premise that he is entitled to credit on his ongoing federal sentence for time spent in state custody. However, the concurrent versus consecutive nature of his federal sentence to his state sentence has been considered and decided by the federal sentencing court. In its order of September 24, 2015, the United States District Court for the Northern District of Florida clearly states that it "could not and would not and did not make the sentence concurrent with some unknown future state sentence." The court continues by stating that the state judge could have, but did not, run Stanley's state sentence concurrent to his existing federal sentence.

Further, as detailed above, Stanley was released from the state to the U.S. Marshal Service ("USMS") pursuant to a writ beginning on May, 8, 2006. He was returned to the state on October 19, 2006. Fifth Circuit law is clear that if a defendant is in state custody and is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is temporary as a writ of *habeas corpus ad prosequendum* is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *Washington v. Chandler*, 533 Fed. App'x 460, 461 (5th Cir. 2013) (unpublished) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir.

1980)). Thus, while Stanley was "on loan" to federal authorities pursuant to the federal writ, the state's custody over him remained uninterrupted until his state sentence expired on September 5, 2014. Stanley began to receive credit towards his federal sentence on said date.[2]

In addition, Stanley's argument that 18 U.S.C. § 3585(b) entitles him to credit against his federal sentence for the time spent in state custody as his federal sentence "should have started on the date that it was imposed," is misplaced. Doc. 1, p. 4. According to 18 U.S.C. § 3585(a), a federal sentence does not commence until the BOP receives a defendant into its custody to serve a sentence. However, under specified circumstances, a defendant is entitled to credit for time spent in official detention prior to being received in federal custody. The same statute provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Thus Stanley cannot obtain credit against his federal sentence for time served in state custody if that time has already been credited to another sentence. He contends that he is entitled to credit from the date of his federal sentencing, September 27, 2006. However, as his sentences run consecutively, it follows that any time spent in service of the imposed state sentence was credited against that sentence prior to Stanley's release from state custody upon the completion of the state sentence. Thus, 18 U.S.C. § 3585(b) has no further application.

Accordingly,

---

[2] The executed judgment shows that he was delivered to FCIO on October 7, 2014. *Stanley*, 3:06-cr-44, doc. 80.

**IT IS RECOMMENDED** that Stanley's Application for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of September, 2017.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE